UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN ARTHURS,

    Plaintiff,

v.                                                    Case No.  6:14-cv-1209-Orl-40TBS

GLOBAL TPA LLC D/B/A FREEDOM
HEALTH,

    Defendant.
_____/

## ORDER

This case comes before the Court on Defendant's Motion to Strike (Doc. 22), which is due to be denied.

Plaintiff is suing Defendant for illegal retaliation in violation of the whistle blower provision of the False Claims Act, 31 U.S.C. § 3730(h)(2) and 28 U.S.C. § 1331.  (Doc. 1).  Defendant has motioned the Court to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) on the ground that Plaintiff failed to allege facts sufficient to support his claim that he engaged in protected activity under 31 U.S.C. § 3730(h).  (Doc. 16).  Plaintiff served a timely response in opposition to the motion.  (Doc. 19).  Defendant then moved for leave of Court to file a reply to Plaintiff's response.  (Doc. 20).

Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave."  When replies are permitted, they are typically limited to 3-5 pages.  Defendant wants to file a reply "of no more than ten pages," to (1) correct

Plaintiff's mis-characterization of its legal arguments, (2) identify facts argued by Plaintiff that are not alleged in his complaint, and (3) point out Plaintiff's misstatement of the law and reliance upon inapplicable legal theories. (Doc. 20).

Plaintiff filed a response to the motion for leave to file a reply. (Doc. 21). Defendant has moved the Court to strike that response on the ground that it presents previously unasserted arguments on the ultimate issue and is therefore, a premature and unauthorized surreply. (Doc. 22). Plaintiff denies these allegations but says in the alternative, that if its paper is an improper surreply, Defendant's motion for leave to file a reply is an improper and unauthorized reply brief. (Doc. 24).

District courts have the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) FED.R.CIV.P. Courts also have the inherent authority to strike improperly-filed papers other than pleadings. Parties employ motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa. 2002). A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law. Guarantee Ins. Co., v. Brand Mgmt. Service, Inc., No. 12-61670-CIV, 2013 WL 4496510 * 2 (S.D.Fla.); Guididas v. Community National Bank Corp., No. 8:11-cv-2545-T-30TBM, 2013 WL 230243 * 1 (M.D.Fla.); Gesell v. K-Mart Corp., No. 2:11-cv-130-FtM-36SPC, 2011 WL 3628878 * 1 (M.D.Fla.); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-J-20MCR, 2006 WL 2474042 * 2 (M.D.Fla.). Because

this is a high standard, and because motions to strike typically do little to advance a case toward resolution, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D.Fla. 1996).

    This motion is no exception. Plaintiff is litigating a matter three degrees removed from the merits: a motion to strike a response to a motion for leave to file a reply in support of a motion to dismiss. And the underlying motion to dismiss is not likely to end the case, for even if it is granted, it will probably be without prejudice. Accordingly, after due consideration, Plaintiff's motion to strike is DENIED.

    DONE AND ORDERED in Orlando, Florida, on February 6, 2015.

                                                      THOMAS B. SMITH
                                                      United States Magistrate Judge

Copies to all Counsel