UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN ARTHURS,

    Plaintiff,

v.                                              Case No:   6:14-cv-1209-Orl-40TBS

GLOBAL TPA LLC,

    Defendant.

## ORDER

This case is before the Court on Defendant's Unopposed Motion to Extend Case Management Deadlines and Trial Date (Doc. 38).   The motion is due to be granted in part and denied in part.

Plaintiff filed this lawsuit on July 24, 2014 (Doc. 1).   On September 11, 2014, Defendant requested an unopposed enlargement of time, through September 30, 2014, to respond to the complaint (Doc. 13).   The motion was granted and on Septenber 30, Defendant filed its motion to dismiss (Docs. 14, 16).   The parties submitted their case management report on December 17, 2014 (Doc. 28).   In their report, the parties said:

> The Parties are currently unable to agree on whether discovery should be stayed pending the Court's ruling on Defendant's Motion to Dismiss.   Defendant maintains that a stay is appropriate, on the grounds that its Motion presents a purely legal question regarding the sufficiency of plaintiff's claim and, thus, neither party has any present need for discovery pending the Court's ruling.   Plaintiff opposes a stay of an indefinite period of time pending the Court's ruling as an unnecessary delay and out of concern regarding the parties' ongoing obligations to meet the various deadlines agreed upon in the Case Management Report and set out in the Court's Case Management Report.   As such, Defendant reserves the right to object to discovery prior to the resolution of its Motion.

(Id., at 9-10).

Following its receipt of the case management report, the Court entered its Case Management and Scheduling Order ("CMSO") governing the case (Doc. 29). The CMSO established the following relevant dates:

| Event | Date |
| --- | --- |
| Discovery Deadline | July 27, 2015 |
| Dispositive and Daubert Motions | August 24, 2015 |
| Joint Final Pretrial Statement | January 12, 2016 |
| All Other Motions | January 22, 2016 |
| Final Pretrial Conference | February 17, 2016 |
| Trial Term Begins | March 1, 2016 |

(Id., at 1-2).

The CMSO also placed counsel and the parties on notice that:

> 1. **Dispositive Motions Deadline and Trial Not Extended** – Motions to extend the dispositive motions deadline or to continue the trial are generally denied. See Local Rule 3.05(c)(2)(E). The Court will grant an exception only when necessary to prevent manifest injustice. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09. The Court cannot extend a dispositive motion deadline to the eve of trial. In light of the district court's heavy felony trial calendar, at least 5 months are required before trial to receive memoranda in opposition to a motion for summary judgment, and to research and resolve the dispositive motion sufficiently in advance of trial.
>
> 2. **Extensions of Other Deadlines Disfavored** – Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed.R.Civ.P. 16(b). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. A motion to extend an established deadline normally will be denied if the

> motion fails to recite that: 1) the additional discovery is necessary for specified reasons; 2) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 3) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 4) no party will use the granting of the extension in support of a motion to extend another date or deadline. The movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery. Local Rule 3.09(b). The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

(Id., at 5).

There is nothing unique about the CMSO, it states the long held position of this and every other court in this division on the subject of extensions of time. Aware that this is the Court's position, the parties agreed not to engage in discovery until they received a ruling on Defendant's motion to dismiss (Doc. 38 at 2). The Court denied the motion to dismiss on March 25, 2015, and discovery commenced on April 29, 2015 (Docs. 33, 38 at 2). Once discovery began, it was delayed "[d]ue to various schedule conflicts and the Parties' mutual requests for extensions of time to respond to written discovery …" (Doc. 38 at 2). One cause for delay was Defense counsel's participation in a different case that was tried over two days in June, 2015 (Id., at 3). Defense counsel anticipates future scheduling conflicts due to upcoming professional obligations in other cases (Id.).

Discovery is not complete and the Court is under the impression that considerable work remains to be done. Defendant is requesting a 3 month extension of the discovery deadline, with corresponding extensions of the deadlines to file dispositive motions, conduct the pretrial conference, and trial (Id.). A one day extension is sought to hold the mediation (Id.). Defendant argues that good cause exists to grant all of the requested extensions (Id., at 4). Plaintiff does not oppose Defendant's motion (Id., at 3).

The concern Plaintiff's counsel voiced in the case management report was well-founded. The parties' agreement not to conduct discovery until the Court ruled on the motion to dismiss may have seemed like a good idea at the time, but counsel should have realized at the latest when they received the CMSO that they were taking a risky gamble. Under the circumstances, the Court could easily deny the pending motion inasmuch as Defendant has not shown that its current discovery problems were not caused by a lack of diligence in pursuing discovery, or that an extension of time is necessary to prevent manifest injustice. Instead, the Court will **GRANT** the relief it can without disturbing critical case deadlines and dates. The discovery deadline is extended through October 26, 2015 and the deadline for mediation is extended through August 11, 2015. All other dates and deadlines in the CMSO are unchanged. Discovery conducted after August 24, 2015 may not be used for dispositive or Daubert motion purposes and no party will use the relief granted in this Order in support of a motion to extend another date or deadline. In all other respects, Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 13, 2015.

*/s/ Thomas B. Smith*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record